# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
VICTORIA L. JONES, as Personal      *
Representative of the Estate of     *      No. 12-653V
WILLIAM R. JONES,                   *      Special Master Christian J. Moran
                                    *
              Petitioner,           *
v.                                  *      Filed: June 12, 2014
                                    *
SECRETARY OF HEALTH                 *      Stipulation; influenza ("flu")
AND HUMAN SERVICES,                 *      vaccine; Guillain-Barré Syndrome
                                    *      ("GBS"), death.
              Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

John R. Howie, Howie Law, P.C., Dallas, TX, for Petitioner;
Gordon Shemin, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On June 10, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by William R. Jones on September 28, 2012. In his petition, Mr. Jones alleged that the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on or about October 19, 2011, caused him to suffer Guillain-Barré Syndrome ("GBS"). Mr. Jones passed away on January 6, 2013. Petitioner further alleges that Mr. Jones' death was the sequela of his alleged vaccine-related injury. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Jones as a result of his condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that Mr. Jones suffered any injury as a result of the flu immunization administered on or about October 19, 2011, and denies that Mr. Jones' death was a sequela of his allegedly vaccine-related GBS.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $315,000.00 in the form of a check payable to petitioner, as Personal Representative of the Estate of William R. Jones. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-653V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VICTORIA L. JONES, as Personal Representative of the Estate of WILLIAM R. JONES, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES <br><br> Respondent. | No. 12-653V <br> Special Master Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. William R. Jones ("Mr. Jones") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to Mr. Jones' receipt of an influenza ("flu") which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Jones received his flu vaccination on or about October 19, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Jones suffered Guillain-Barre syndrome ("GBS"). Mr. Jones passed away on January 6, 2013. Petitioner further alleges that Mr. Jones' death was the sequela of his alleged vaccine-related injury.

---

[1] Upon Mr. Jones' death, Victoria L. Jones was substituted as petitioner, as personal representative of the estate of Mr. Jones.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Jones as a result of his condition.

6. Respondent denies that Mr. Jones suffered any injury as a result of the flu immunization administered on or about October 19, 2011, and denies that Mr. Jones' death was a sequela of his allegedly vaccine-related GBS.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $315,000.00 in the form of a check payable to petitioner as Personal Representative of the Estate of William R. Jones. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the personal representative of Mr. Jones' estate under the laws of the State of Arizona. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the personal representative of Mr. Jones' estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of Mr. Jones' estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party of parties appointed by a court of competent jurisdiction to serve as the personal representative of the Estate of William R. Jones upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as the personal representative of Mr. Jones' estate, on behalf of Mr. Jones' heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Jones resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 19, 2011, as alleged in a petition for vaccine compensation filed on or about September 28, 2012, in the United States Court of Federal Claims as petition No. 12-653V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Jones' alleged GBS or any other injury or death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Mr. Jones' estate.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
VICTORIA L. JONES

| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| *[signature]* <br> JOHN R. HOWIE, JR. <br> Howie Law, P.C. <br> 4040 North Central Expressway <br> Suite 850 <br> Dallas, TX 75204 <br> (214) 622-6340 | *[signature]* <br> VINCENT J. MATANOSKI <br> Deputy Director <br> Torts Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 146 <br> Benjamin Franklin Station <br> Washington, DC 20044-0146 |

| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
|---|---|
| *[signature]* <br> A. MELISSA HOUSTON, M.D., M.P.H., FAAP <br> Acting Director, Division of Vaccine Injury Compensation (DVIC), Acting Director Countermeasures Injury Compensation Program (CICP) <br> Healthcare Systems Bureau, U.S. Department Of Health and Human Services <br> 5600 Fishers Lane <br> Parklawn Building, Mail Stop 11C-26 <br> Rockville, MD 20857 | *[signature]* <br> GORDON SHEMIN <br> Trial Attorney <br> Torts Branch <br> Civil Division <br> U.S. Department of Justice <br> P.O. Box 146 <br> Benjamin Franklin Station <br> Washington, DC 20044-0146 <br> (202) 616-4208 |

Dated: June 10, 2014

5